IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00405-GPG
(**The above civil action number must appear on all future papers sent to the court in this action.   Failure to include this number may result in a delay in the consideration of your claims.**)

GREGORY REED,
ALONZO BUGGS,
J.H. KRAFT,
VINCENT TRUJILLO,

    Plaintiffs,

v.

PEOPLE OF THE STATE OF COLORADO,
RICK RAEMISCH,
JAMES FALK,
FRANCES FALK,
ROBERTA WALTERS,
MATTHEW HANSEN,
RYAN LONG,
THOMAS LITTLE,
HUERMAN, Lt.,
T. MASONCUP,
YATES, Captain,
FLORY, Sgt.,
MARY CARLSON, and
THERESA REYNOLDS,

    Defendants.

---

ORDER DENYING CLASS CERTIFICATION AND PERMISSIVE JOINDER,
DISMISSING PLAINTIFFS OTHER THAN GREGORY REED,
AND DIRECTING PLAINTIFF REED TO CURE DEFICIENCIES

---

Plaintiff, Gregory Reed, and three other Plaintiffs, all of whom are in the custody of the Colorado Department of Corrections (CDOC) at the Correctional facility in Limon, Colorado, have filed a Prisoner Complaint. Plaintiffs claim, pursuant to 42 U.S.C. § 1983

and 28 U.S.C. § 1343, that their First Amendment rights to freedom of speech and religion, to access the courts, and to be free from unlawful retaliation, were violated by the Defendants, as well as their Fourteenth Amendment equal protection rights, their Fourth Amendment rights, and their Eighth Amendment right to humane conditions of confinement. Plaintiffs further challenge onerous prison classifications, which have resulted in the denial of prison employment and the loss of other privileges, as well as the failure to award good time credits to which they claim to be entitled. Plaintiffs seek monetary and injunctive relief.

Each Plaintiff has signed the Prisoner Complaint and has submitted a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF Nos. 2, 3, 4 and 5). Plaintiff Reed has also filed a Motion to Certify the Class Pursuant to F.R.C.P. 23 (ECF No. 7).

## I. Class Certification

A prerequisite for class action certification is a finding by a court that the representative party can "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Because a layperson ordinarily does not possess the legal training and expertise necessary to protect the interests of a proposed class, courts are reluctant to certify a class represented by a *pro se* litigant. See 7A Wright, Miller & Kane, *Federal Practice and Procedure* Civil 3d § 1769.1 & n.13 (3d ed. 2005 & Supp. 2009); *see also Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (*pro se* prisoners are not adequate representatives for a class). The Tenth Circuit has held that while a *pro se* litigant may assert his own claims in federal court, his competence as a layperson is too limited to protect the rights of others. See *Fymbo v. State Farm Fire & Cas. Co.*, 213

F.3d 1320, 1321 (10th Cir. 2000); *see also Caputo v. Fauver*, 800 F. Supp. 168, 170 (D.N.J. 1992) (holding that "[e]very court that has considered the issue has held that a prisoner proceeding *pro se* is inadequate to represent the interests of his fellow inmates in a class action")(citations omitted). The Court also must take note of the logistical and administrative constraints *pro se* inmate litigants experience, which severely restricts their ability to investigate class claims and contact class members. Because the putative class representatives are proceeding *pro se*, the Court finds that class certification is inappropriate.

II. **Joinder of Plaintiffs**

Fed. R. Civ. P. 20(a)(1) provides that persons may join in one action as plaintiffs if:

(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and,

(B) any question of law or fact common to all plaintiffs will arise in the action.

In *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966), the Supreme Court held that "[u]nder the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *Id.* at 724 (footnote omitted). Consistent with this policy, Fed. R. Civ. P 20(a) should be liberally construed in the interest of convenience and judicial economy. *Swan v. Ray*, 293 F.3d 1252, 1253 (11th Cir. 2002). Notwithstanding the liberal application of Rule 20, unrelated claims and defendants should not be joined in a single lawsuit. *See, e.g., George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Coughlin v. Rogers*, 130 F.3d 1348, 1350-51 (9th Cir. 1997). A multiple plaintiff suit does not pass the two-part test of Rule 20(a)(1) where each plaintiff provides a different factual background, giving rise to the joint cause of action. *Coughlin*, 130 F.3d

at1350; *Abdelkarim v. Gonzales*, No. 06-14436, 2007 WL 1284924, *4-5 (E.D.Mich. Apr.30, 2007).   In the case of improvident joinder, Fed. R. Civ. P. 21 allows the Court on its own, at any time, and on just terms to drop a party.

The Complaint in this action is brought by four Plaintiffs and comprises more than one lawsuit.  Most of the claims are asserted on behalf of Plaintiff Reed.   With a few minor exceptions, the Complaint does not contain specific allegations of the particular circumstances of Plaintiff Buggs, Kraft or Trujillo.   Further, it appears that the claims for relief asserted by each of the four Plaintiffs do not arise out of the same transaction or occurrence, and are not asserted against all of the Defendants.

In addition, many federal district courts have found that the pervasive impracticalities associated with multiple-plaintiff prisoner litigation militate against permissive joinder otherwise allowed by Fed. R. Civ. P. 20(a)(1).   *Boretsky v. Corzine*, No. 08-2265 (GEB), 2008 WL 2512916, *5 (D. N.J. 2008) (unpublished) (collecting cases).   Among the difficulties noted by these courts are the "need for each plaintiff to sign every pleading, and the consequent possibilities that documents may be changed as they are circulated, or that prisoners may seek to compel prison authorities to permit them to gather to discuss the joint litigation."  *Id.*   Moreover, some prisoners may forge others' signatures or otherwise attempt to act on behalf of their fellow plaintiffs, although only members of the bar are allowed to litigate as agents.

These courts also have noted that prison populations are transitory, making joint litigation difficult.  *Id.*   It is not clear whether this will be a factor here, as the Plaintiffs allege that they are all incarcerated at Limon Correctional Facility.   Even so, prisoners, whose circumstances make joint litigation exceptionally difficult, are not in the same

situation as non-prisoner joint plaintiffs. Coordination would be hampered by restrictions on interpersonal communication within a prison facility. *See generally Shaw v. Murphy*, 532 U.S. 223, 228-31 (2001) (noting there is no special protection for legal communications among inmates). Obtaining signatures from all Plaintiffs can be problematic when all Plaintiffs are housed in the same prison facility, but prison populations, as illustrated in this case, are notably transitory. Inmates are released or transferred within the CDOC, not to mention relocated within a prison itself. For legitimate security reasons, institutional rules may prohibit inmates from corresponding within and among facilities, making compliance with Fed. R. Civ. P. 11(a) extremely difficult. *See Turner v. Safley*, 482 U.S. 78, 91-92 (1987) (the prohibition on prisoner-to-prisoner correspondence between institutions is logically connected to a legitimate security concern).

The Court finds the reasoning in the above-cited cases persuasive and will therefore dismiss the three Plaintiffs other than Mr. Reed. The dismissal will be without prejudice. Any dismissed Plaintiff who wishes to pursue his claims may initiate a separate action by filing a Prisoner Complaint on the Court-approved form and either pay the $400.00 filing fee, or submit a properly completed Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on the Court-approved form. The clerk of the Court will be directed to mail to each dismissed Plaintiff a copy of this Order. Each separate action will be subject to the preliminary screening requirements of D.C.COLO.LCivR 8.2, and the Plaintiff in each separate action will be required to cure any deficiency in his filings.

### III. Order to Cure Deficiencies

Pursuant to D.C.COLO.LCivR 8.2, the Court has determined that the submitted documents are deficient as described in this order. Mr. Reed will be directed to cure the following if he wishes to pursue his claims.   Any papers that Mr. Reed files in response to this order must include the civil action number on this order.

**28 U.S.C. § 1915 Motion and Affidavit**:
(1) ___ is not submitted
(2) ___ is missing affidavit
(3) _XX_ is missing certified copy of prisoner's trust fund statement for the 6-month period immediately preceding this filing and the authorization to disburse funds from his inmate trust fund account
(4) ___ is missing certificate showing current balance in prison account
(5) ___ is missing required financial information
(6) ___ is missing an original signature by the prisoner
(7) ___ is not on proper form (must use the court's current form)
(8) ___ names in caption do not match names in caption of complaint, petition or habeas application
(9) _XX_ other: Plaintiff may pay the $400.00 filing fee instead of filing a properly supported 1915 motion and affidavit.

**Complaint, Petition or Application**:
(10) ___ is not submitted
(11) ___ is not on proper form (must use the court's current form)
(12) ___ is missing an original signature by the prisoner
(13) ___ is missing page nos. ___
(14) ___ uses et al. instead of listing all parties in caption
(15) ___ names in caption do not match names in text
(16) ___ addresses must be provided for all defendants/respondents in "Section A. Parties" of complaint, petition or habeas application
(17) _X_ other: Mr. Reed must file an Amended Prisoner Complaint that contains only those allegations and claims pertaining to Mr. Reed.

Accordingly, it is

ORDERED that the Motion to Certify the Class Pursuant to F.R.C.P. 24 (ECF No. 7) is DENIED.   It is

FURTHER ORDERED that the Court denies joinder of plaintiffs in this action, and

dismisses without prejudice, pursuant to Fed. R. Civ. P. 21, all Plaintiffs except the first named Plaintiff, Gregory Reed.  Each dismissed Plaintiff is free to initiate a new civil action.  It is

FURTHER ORDERED that the clerk of the Court shall mail to each dismissed Plaintiff a copy of this order.  Each dismissed Plaintiff may obtain a copy of the court-approved Prisoner Complaint and Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 forms (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that Plaintiff, Gregory Reed, shall cure the deficiencies designated above **within thirty (30) days from the date of this order**.  Any papers which the Plaintiff files in response to this order must include the civil action number on this order.  It is

FURTHER ORDERED that Plaintiff Reed shall obtain a copy of the court-approved form for filing a Prisoner Complaint, along with the court-approved supporting attachments to his Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  Mr. Reed shall use the court-approved forms in curing the deficiencies.  It is

FURTHER ORDERED that the Motions and Affidavits for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF Nos. 2, 3 and 5) are DENIED AS MOOT. It is

FURTHER ORDERED that, if Plaintiff Reed fails to cure the designated deficiencies **within thirty (30) days from the date of this order**, the Prisoner Complaint

and the action will be dismissed without further notice.   The dismissal shall be without prejudice.

DATED February 25, 2016, at Denver, Colorado.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court