IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00405-GPG

GREGORY REED,

    Plaintiffs,

v.

PEOPLE OF THE STATE OF COLORADO,
RICK RAEMISCH,
JAMES FALK,
FRANCES FALK,
ROBERTA WALTERS,
MATTHEW HANSEN,
RYAN LONG,
THOMAS LITTLE,
HUERMAN, Lt.,
T. MASONCUP,
YATES, Captain,
FLORY, Sgt.,
MARY CARLSON,
THERESA REYNOLDS, and
NURSE CAMPBELL

    Defendants.

---

ORDER DENYING MOTION FOR PRELIMINARY INJUNCTIVE RELIEF

---

The matter before the Court is a "Motion for Preliminary Injunction and Temporary Restraining Order Pursuant to C.R.Civ.P. 65" (ECF No. 8), filed by Mr. Reed on February 19, 2016. The motion must be constructed liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

Mr. Reed is in the custody of the Colorado Department of Corrections (CDOC) at

the Correctional facility in Limon, Colorado. He initiated this action pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343, along with three other prisoner Plaintiffs, and moved for class certification. Following the Court's February 25, 2016 Order dismissing the Plaintiffs other than Plaintiff Reed, *see* ECF No. 9, Mr. Reed filed an Amended Prisoner Complaint on March 22, 2016 (ECF No. 11). In the Amended Complaint, Plaintiff challenges, *inter alia*, the constitutionality of his prison security classification as belonging to a Security Threat Group (STG), and the loss of privileges he endures whenever the facility is placed on a lockdown status. (ECF No. 11).

A party seeking a preliminary injunction must show: (1) a substantial likelihood of prevailing on the merits; (2) he will suffer irreparable injury unless the injunction issues; (3) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; and (4) the injunction, if issued, would not be adverse to the public interest. *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980). "Because a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003). Similarly, a temporary restraining order is appropriate only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).

[T]he primary goal of a preliminary injunction is to preserve the pre-trial status quo." *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009). Therefore, "courts should be especially cautious when granting an injunction that requires the nonmoving party to take affirmative action - a mandatory preliminary injunction - before

a trial on the merits occurs." *Id.* If the movant is seeking a mandatory preliminary injunction that seeks to alter the status quo, he must make a heightened showing of the four factors listed above. *See id.* at 1209.

"[A] showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004). Thus, Mr. Reed "must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." *Id.*

"To constitute irreparable harm, an injury must be certain, great, actual and not theoretical." *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (internal quotation marks omitted). The movant "must establish both that harm will occur, and that, when it does, such harm will be irreparable." *Vega v. Wiley*, 259 F. App'x 104, 106 (10th Cir. 2007). Furthermore, a party seeking preliminary injunctive relief "must show that the injury complained of is of such *imminence* that there is a clear and present need for equitable relief to prevent irreparable harm." *Heideman*, 348 F.3d at 1189. A preliminary injunction is only appropriate "to prevent existing or presently threatening injuries. One will not be granted against something merely feared as liable to occur at some indefinite time in the future." *Connecticut v. Massachusetts*, 282 U.S. 660, 674 (1931).

Mr. Reed alleges in the motion that some of the Defendants named in the Amended Complaint have illegally classified him as belonging to an STG in retaliation for his grievance filings. He claims that the implementation of new lockdown procedures "has caused further assaults amongst staff and offenders" and has resulted

3

in the deprivation of his unspecified "basic human needs." (ECF No. 8 at 2). However, Mr. Reed fails to demonstrate, clearly and unequivocally, that he is entitled to a preliminary injunction or temporary restraining order. Most importantly, Mr. Reed does not allege specific facts to demonstrate he will suffer irreparable injury if no preliminary injunction or temporary restraining order is issued. Mr. Reed also fails to allege specific facts in support of his claims that demonstrate a substantial likelihood of prevailing on the merits in this action. Indeed, on April 19, 2016, Mr. Reed was ordered to file a Second Amended Complaint to cure the deficient allegations in his Amended Complaint. (*See* ECF No. 13). Accordingly, it is

ORDERED that the "Motion for Preliminary Injunction and Temporary Restraining Order Pursuant to C.R.Civ.P. 65" (ECF No. 8) is DENIED.

DATED April 21, 2016, at Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court